OSBORN and another vs. HART and others.

*Constitutional Law : Taking land for private road. — Secs.* 70, 71, *ch.* 19, *R. S.*

1. Private property cannot be taken by the state, without the owner's consent, for the *private* use of any other person, even if compensation be made.
2. Sections 70 and 71, ch. 19, R. S., provide how a private road shall be laid out and the damages assessed, and that such road shall be *for the use of the applicant*, his heirs and assigns, and that the owner of the land through which it is laid shall not be permitted to use it as a road unless he shall have signified his intention of doing so to the supervisors before the damages were determined. *Held*, invalid.

APPEAL from the Circuit Court for *Racine* County.

On petition of *Osborn and another*, the circuit court issued a *certiorari* to *Hart and others*, supervisors of a certain town in said county, to bring before it for review the proceedings of said supervisors in laying out and establishing a private road through the land of said petitioners, on the application of one Smith. After a hearing, the proceedings of the supervisors in laying out such road were affirmed, and a judgment rendered against the petitioners for costs ; and they appealed.

*Fuller & Dyer*, for appellants, cited Const. of Wis., art. 1, sec. 13 ; *Newcomb v. Smith*, 1 Chand. 73 ; *In re Albany Street*, 11 Wend. 151 ; 2 Kent (5th ed.), 339, 340 ; Bouvier's Law Dic. 466 ; *Thien v. Voegtlander*, 3 Wis. 465 ; *Pratt v. Brown*, id. 603 ; *Wilkinson v. Leland*, 2 Pet. 657 ; *Harding v. Goodlett*, 3 Yerg. 41 ; *Rice v. Parkman*, 16 Mass. 330 ; *Taylor v. Porter*, 4 Hill, 140 ; *In re John and Cherry Streets*, 19 Wend. 676 ; *Varick v. Smith*, 5 Paige, 159 ; *Beekman v. S. & S. R. R. Co.*, 3 id. 73 ; *White v. White*, 5 Barb. 484 ; *Bloodgood v. M. & H. R. R. Co.*, 18 Wend. 56, 57 ; *Embury v. Conner*, 3 Comst. 516 ; 39 Ill. 110 ; 27 Mo. 374 ; 2 Swan (Tenn.), 547 ; 34 Ala. 311–332.

*Bennet & Ullman*, for respondents, cited and commented upon *Beekman v. S. & S. R. R. Co.*, 3 Paige, 45 , *Varick v. Smith*, 5 id. 137; *Comm. v. Breed*, 4 Pick. 460, 463; *Boston Water Power Co. v. B. & W. R. R. Corp.*, 23 id. 394; *Harvey v. Thomas*, 10 Watts, 63; *Perrine v. Farr*, 2 Zab. 357; *Snyder v. Warford*, 11 Mo. 513; NELSON, J., in *Taylor v. Porter*, 4 Hill, 148; and the decisions of this court on the Mill Dam Law, 1 Chand. 71; 10 Wis. 351; 15 id. 101; and the remarks of BIGELOW, C. J., in *Talbot v. Hudson*, 24 Law Reporter, 228, quoted in Washb. on Easements (1st ed.), 326; also *Todd v. Austin*, Am. Law Reg., January 1869, p. 9.

COLE, J. By our statute, whenever an application is made to the town supervisors, by any freeholder whose land is excluded from the highway, to lay out a private road, the supervisors are authorized to lay out such private road, the damages to the owner of the land through which such road may be laid to be ascertained and determined as in case of laying out a public highway; except that the applicant for such private road shall, in all cases, pay the damages and costs arising from the laying out of such road. Section 70, chap. 19, R. S. The next section is as follows: "Every such private road, when so laid out, *shall be for the use of the applicant, his heirs or assigns*, but not to be converted to any other purposes than that of a road; *nor shall the occupant or owner of the land through which such road shall be laid out be permitted to use the same as a road*, unless he shall have signified his intention of so making use of the same to the supervisors, or the jury who ascertained the damages sustained by laying out such road, and before such damages were so ascertained." The next section provides that the person for whose benefit a private road is laid out shall keep the same in repair, and build all fences required by the opening of such road. Sec. 72.

The only question in this case is, whether these provisions of law authorizing private roads to be laid through the land of persons not consenting thereto are valid, and can be sustained. And we are all clearly of the opinion that they are invalid, and that the legislature cannot authorize the taking of private property for a private road — which is a mere private use — even if compensation is made therefor. Such a road, under our statute at least, is established for "*the use of the applicant, his heirs or assigns;*" and the owner through whose land it may be laid is not permitted to use the same as a road, unless he signifies his intention of so making use of it to the supervisors, or to the jury, at the time of the assessment of damages. "The road is private property, paid for and owned by the applicant. The public has no title to, nor interest in, it. No citizen has a right to use the road as he does the public highway. He can only use it when he has business with the road owner, or some other lawful occasion for going to the land intended to be benefited by the road. He can only justify an entry on the road when he could justify an entry on the land on account of which the road was laid out." BROWNSON, J., in *Taylor v. Porter*, 4 Hill, 140, 142. When, therefore, land is taken for a private road, under our statute, it is taken for a private and not a public use; the public has no right to use the road, but it is laid out solely for the benefit and convenience of the applicant. In some of the states it has been held that these roads, although termed private, yet were in fact public roads so far as the right to use them was concerned, and upon this ground the power of the legislature to authorize them to be laid out has been sustained. *Perrine v. Farr*, 2 Zab. 356 ; *In re Hickman*, 4 Harrington, 580. There is no ground, however, for any such conclusion in view of the clear and express language of our statute, which declares that the private road, when laid out, "shall be

for the use of the applicant, his heirs and assigns ;" and which even forbids the owner of the land from using the road, unless he has signified his intention to make use of it before the damages are assessed. But this ques tion whether the legislature can authorize private roads to be opened through the land of persons not consenting thereto, even upon making compensation, has been so fully discussed in *Taylor v. Porter, supra; Sadler v. Langman*, 34 Alabama, 311 ; and *Dickey v. Tennison*, 27 Mo. 373, that further remarks here seem to be unnecessary. These cases, and many others which might be cited to the same point, while fully recognizing the doctrine of eminent domain, by which private prop- erty may be appropriated to public use upon compen- sation being made therefor, still deny that it can be taken for strictly private purposes without the consent of the owner, whether compensation is made or not. And it seems to us that the assertion of a right on the part of the legislature to take the property of one citizen and transfer it to another, even for a full com- pensation, where the public interest is not promoted thereby, is claiming a despotic power, and one incon- sistent with every just principle and fundamental maxim of a free government. We do not think the power exists in this state. It follows from these views that the judgment of the circuit court must be reversed, and the cause be remanded, with directions that it enter judgment that the proceedings of the respondents in laying out the private road mentioned in the writ of *certiorari* and answer thereto, be vacated and set aside.

*By the Court.* — Ordered accordingly.