## Brock and another vs. Hishen and others.

HIGHWAYS. *(1) Constitutional Law: Condemnation of land by municipal corporations: Power of towns to lay out highways. (2, 3) Appointment of commissioners of appeal from determination of supervisors. (4) Jurisdiction of supervisors not lost by delay in acting. (5) When and by what authority highway vacated. (6) Right of supervisors to remove fence after notice to land-owner. (7)* INJUNCTION: *whether granted after removal of fence without notice, to restrain repetition of the act.*

1. A statute authorizing a *municipal* corporation to take private property for public use, is valid if it provides an adequate process for ascertaining the value of such property, and *an adequate and safe fund* from which payment is to be made, though it does not require *actual payment* before the taking. *Powers v. Bears*, 12 Wis., 213. Under this rule the statute for the laying out of highways is valid; and the highway may be opened by the authorities for public use, pursuant to the statute, as soon as it has been laid out and the damages ascertained.

2. A justice of the peace of a city may appoint commissioners to whom an appeal may be taken from the determination of the supervisors of a town adjoining such city, refusing to lay out a highway. *State ex rel. Wood v. Goldstucker, ante*, 124.

3. Where the name of a person who has previously acted as a supervisor of the town in the matter of the same highway, is upon the list made by the justice of names from which the commissioners on appeal are to be selected, it should be stricken out on objection taken at the time of such selection. But after the commissioners are selected and have determined the appeal, the objection is too late.

4. Town supervisors do not lose jurisdiction to lay out a proposed highway by delaying to do so, more than ten days after the report of the appeal commissioners directing such highway to be laid out is filed with the town clerk; but, if they delay for an unreasonable time, will be compelled by the court to discharge their duty in that respect.

5. A town meeting has no jurisdiction over the subject of abandoning highways; and even the supervisors cannot vacate a road within one year after laying it out. R. S., ch. 19, sec. 83.

6. Where notice is duly given the owners of land to remove their fences from the line of a highway regularly laid out, if they neglect to do so within the time allowed by law, it is the duty of the supervisors to have such fences removed; and their delay for several months to do so does not render a new notice necessary.

7. If the supervisors remove a fence along the line of the highway, without such notice given, it is very doubtful whether equity should interpose to restrain a repetition of the act.

APPEAL from the Circuit Court for *Iowa* County.

Trespass *quare clausum fregit*. The complaint alleges that defendants, with force and arms, broke and entered the plaintiffs' close in the town of Mineral Point, Iowa county, and forcibly tore down the fence of the plaintiffs there situate, and threatened to tear the same down whenever and as fast as the plaintiffs should replace it. On the complaint an injunction order was granted by a court commissioner, and duly served, restraining defendants from doing the threatened acts. They answered that the *locus in quo* was a public highway; that they removed the fence for the purpose of opening such highway, doing no unnecessary damage; and that the defendant *Hishen* was overseer of the road district in which such fence was situate, and acted under the orders of the proper town board, and the other defendants under the orders of *Hishen*, duly made in that behalf. The defendants thereupon moved to dissolve the injunction; founding their motion upon the pleadings and certain affidavits; and was resisted on counter affidavits, and certain records of the town pertaining to the alleged highway.

The facts as shown by the motion papers (so far as it is

necessary to state them) are as follows: A proper petition was presented to the supervisors of the town of Mineral Point for the laying out of the highway in controversy, and, after due notice had been given, the supervisors met and considered the petition and determined not to lay out the highway. Some person who considered himself aggrieved thereby, applied to a justice of the peace of the city of Mineral Point, which adjoins said town, for the appointment of commissioners to whom an appeal from the determination of the supervisors might be taken. (Laws of 1869, ch. 152, sec. 77.) Proceedings were had on such application, pursuant to the statute, which resulted in the appointment of commissioners, and a reversal by them of the determination appealed from. One of the commissioners had acted as a supervisor of the town of Mineral Point on a previous petition for the laying out of such highway, and as such had attempted to lay out the same.

The report of the commissioners was filed in the office of the town clerk of said town November 30, 1874; and on the 9th day of January, 1875, the supervisors of said town, in obedience thereto, made and filed in said office an order laying out such highway, and appraising the damages sustained by the plaintiffs by reason thereof. Plaintiffs thereupon applied to a justice of the peace for a jury to assess such damages, and the jury was duly selected, and made an award of damages to the plaintiffs larger than was awarded by the supervisors. The answer alleges that proper notices were duly served on the plaintiffs, requiring them to remove their fences from the line of such highway; and one of the plaintiffs, in his affidavit used on the hearing of the motion to dissolve the injunction, denies that any such notice was served on either of the plaintiffs after April 6, 1875. The town meeting of the town of Mineral Point, held on the day last mentioned, voted to abandon such highway. On the 13th of November, 1875, the town board of that town audited and allowed the damages awarded to the plaintiffs by the jury; and three days

later the defendants opened the highway through the premises of the plaintiffs in the manner, by the authority and under the circumstances stated in the answer.

From an order dissolving the injunction, plaintiffs appealed.

The brief for the appellants is signed by *Cothren & Lanyon,* and there was oral argument by *Mr. Cothren:*

1. The highway was not legally laid. (1) The justice of the peace who appointed the commissioners had no jurisdiction. The law then in force authorized an application only to a justice of the same or an adjoining town. Laws of 1863, ch. 87. The city of Mineral Point was an organization entirely separate from the town of that name, and in no sense adjoining it, because entirely surrounded by the town. In such cases the statute must be strictly pursued. *Mitchell v. Kennedy,* 1 Wis., 511; *Dudley v. Mayhew,* 3 N. Y., 9; *Supervisors v. Le Clerc,* 4 Chand., 56. (2) The statute provides that the commissioners selected shall be disinterested (Laws of 1859, ch. 152, sec. 79); but here, one of those chosen had previously, as a supervisor of the town, attempted to lay this identical road. The parties interested had no opportunity to strike him off, having had no notice of the application (3) The law giving the appeal provides that after reversal the supervisors shall proceed to lay out the highway " in the same manner," etc., as if they had originally so intended. This would require them to act within ten days from the date of the filing of the commissioners' report, which was not done. Laws of 1859, ch. 152, secs. 58, 82. (4) Compensation for the land taken must be made to the owner before such land is used. Const. Wis., art. I, sec. 13; *Martin v. Peck,* 3 Wis., 714; *Powers v. Bears,* 12 id., 213, and cases cited. (5) The damages were not even ascertained at the time notice was given to remove fences, for the law requires that they be audited by the town board, which may refuse to allow them. Laws of 1873, ch. 34. This was not done until November, 1875; no notice was thereafter given; and the prior one will not avail.

2. Even if the highway was legally laid, the evidence shows that it had been abandoned prior to the entry. 3. It is shown that plaintiffs' land is used for farming purposes, for the raising of stock, and that the highway as laid will destroy a valuable spring thereon. The interests of the plaintiffs alone, and not those of the public, will suffer pending the final determination of this case. The injunction should therefore be continued.

*Alexander Wilson,* for respondents, argued that in a case of a mere trespass, equity will not enjoin (High on Injunctions, §§ 460, 461, 995; 13 Cal., 190; 13 Wis., 348; 38 How., 94; Kerr on Injunction, 293), at least where the right is not clear, and no irreparable injury can arise to the plaintiffs pending the trial; nor where the answer, as in this case, positively and explicitly denies the grounds on which the claim for relief in equity rests (Kerr on Injunc., 209, 211, 295; *Converse v. Ketchum,* 18 Wis., 202; 21 id., 667; 66 Barb., 592; 7 Rob., 523; 25 Ga., 148; 29 id., 335; 36 How., 233); that the only alleged injury worthy of notice was the stopping of a spring; that this was not set forth in the complaint, but only in affidavits presented on the motion; that such affidavits should follow the bill, and plaintiffs could not thus be permitted to introduce new matter (High on Injunc., § 992; Kerr on Injunc., 613, 627, and cases cited in note). 2. That the statute authorizes an application, on appeal in a road matter, to be made to a justice of any adjoining town; and that the city of Mineral Point adjoins the town, and the charter gives to the city justices equal powers and jurisdiction with those elected in towns. Tay. Stats., ch. 19, § 91; Laws of 1873, ch. 239, sec. 8.

LYON, J. It satisfactorily appears from the motion papers, that due notice was given the plaintiffs, in the spring of 1875, to remove their fences from the line of the alleged highway, although the precise time when such notice was given is not stated. If the *locus in quo* is a legal highway, such notice

put the plaintiffs in default after the expiration of the time allowed them for removing their fences, and made it the duty of the supervisors to cause the same to be removed. The delay to do so until the following November did not render a new notice necessary. But had no such notice been given—had the road been opened prematurely through plaintiffs' land,—it would still be very doubtful whether the extraordinary power of a court of equity should be interposed to restrain a repetition of the act.

The controlling question to be determined is, Do the motion papers disclose any jurisdictional defect in the proceedings which resulted in the order of the supervisors of January 9th, 1875, laying out the highway over and upon the *locus in quo?* The learned counsel for the plaintiffs maintain the affirmative on several grounds; and these will be briefly considered.

1. A justice of the peace of the city of Mineral Point (which city adjoins the town of Mineral Point) has jurisdiction to appoint commissioners to whom an appeal may be taken from the determination of the supervisors of that town refusing to lay out a highway therein. Such jurisdiction was upheld in *The State ex rel. Wood v. Goldstucker, ante,* 124.

2. The name of the commissioner who had previously acted as a supervisor in the matter of the same highway, should have been stricken from the list, had the objection been taken when the commissioners were selected. We cannot say that one who had previously decided, under the sanction of his official oath, that the highway ought to be laid out, was disinterested, within the meaning of the statute prescribing the qualifications of such commissioners. But we think the objection comes too late. It is not unlike the case where an incompetent juror is permitted to be sworn in a cause without objection. Whether the fact be known or unknown to the defeated party, such incompetency is not ground for reversing the judgment. In some cases it is not even ground for a new trial. *State v. Vogel,* 22 Wis., 471.

But it is argued that the plaintiffs were not parties to the proceeding for selecting the commissioners, and had no opportunity to make the objection. True, they were not named as parties, and the statute does not require that notice of the time when and place where such selection will be made shall be served upon them. Yet we think they are in privity with the supervisors in that sense that notice to the latter was notice to them; and we do not doubt that they had a legal right to appear before the justice and object to the competency of any person whose name appeared in the list from which the commissioners were to be selected, just as the respondent in a case appealed from a justice of the peace may appear in the circuit court and litigate the case, although no notice or process of appeal has been served upon him.

3. It is claimed that the supervisors lost jurisdiction to lay out the highway, by delaying to do so more than ten days after the report of the commissioners was filed in the office of the town clerk. We are unable to find any statute which supports the position, or which prescribes the time within which the supervisors must act. When the report was filed, it became the duty of the supervisors to lay out the highway. They had no discretion in the matter. If they refused or neglected to do so within a reasonable time, the court, on proper application, would compel them to discharge the duty.

4. The vote of the town meeting to abandon the highway is of no importance. That body had no jurisdiction whatever over the subject. Even the supervisors could not vacate the road until after one year from the date of their original determination. Laws of 1869, ch. 152, sec. 83.

5. It was no legal impediment to the highway, or to the opening thereof, that the plaintiffs' damages had not been paid when the same was laid out or opened. Although the proposition may not have been definitely held by this court, yet doubtless a statute which authorizes a municipal corporation to take private property for public use, is valid if it pro-

vides an adequate process for ascertaining and paying the value of such property; and private property may be so taken under a statute without violating the constitutional restriction on that subject (Const., art. I, sec. 13), although payment has not been actually made therefor. The conditions precedent to such taking are, that the value be ascertained, and an adequate and safe fund provided from which payment is to be made, which in the case of a taking by municipal corporations is considered equivalent to actual compensation. *Powers v. Bears*, 12 Wis., 213. The statute under which the plaintiffs' land was condemned to the public use provided a method for ascertaining their damages, and such damages were ascertained pursuant thereto. It also provided that the town board should audit the amount of such damages, and that a tax should be levied on all taxable property in the town to pay the same. Any officer failing in his duty in the premises would, on proper application, be compelled to it by the courts. There is no possibility for the plaintiffs to lose their damages, if they resort to the plain and speedy processes which the law places at their command to compel the town to pay such damages. Hence, when the highway was laid out, and the plaintiffs' damages ascertained, it was competent for the town authorities to take the steps pointed out by the statute for opening the highway to the public use.

6. It is stated in some of the affidavits read in opposition to the motion, that the defendants tore down fences outside the limits of the highway. If so, we are satisfied that there is no danger that the act will be repeated, and there is, of course, an adequate remedy at law for what has already been done.

7. In conclusion, it should be observed that we do not decide that the *locus in quo* is a public highway; for we have not before us the full record of the proceedings in the matter of laying out the same. We only hold that the motion papers fail to show any fatal defect in such proceedings. Neither do we determine whether the proceeding by the plaintiffs to have

their damages reässessed by a jury is a waiver of their right to question the validity of the proceedings laying out the alleged highway, or estops them to deny that it is a public highway. See *Smith v. Milwaukee*, 18 Wis., 63; *Webster v. The Phœnix Ins. Co.*, 36 id., 67; *The N. W. Mut. Life Ins. Co. v. The Germania Fire Ins. Co.*, ante, 446.

*By the Court.* — The order of the circuit court dissolving the injunction is affirmed.