STATE EX REL. HAPPEL and wife, Respondents, vs. SCHMIDT and others, Appellants.*

*November 20—December 23, 1947.*

* Motion for rehearing denied, with $25 costs, on February 17, 1948.

For the appellants there was a brief by *Schloemer & Stoltz* of West Bend, and oral argument by *C. J. Schloemer*.

For the respondents there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

FRITZ, J.   In their petition to the county court for the writ of *mandamus,* Elmer Happel and wife, the relators (respondents on this appeal), alleged that they own a farm in the town of Polk, and on February 27, 1945, applied in writing to the town board to widen a private road, which is one rod wide, on their farm and leading to their farm buildings; that on April 5, 1945, the town board ordered and determined that said application be denied; that relators appealed from said denial to County Judge BUCKLIN, who, after a hearing, duly appointed three commissioners to review the town board's order and determination; that said commissioners on May 23, 1945, made a written determination and order in which, after stating that they have—

"viewed and examined said road and premises and heard all the parties interested therein and desiring to be heard and all proofs offered by them and having reviewed such order and determination, we do decide and determine: That the same and the whole thereof be, and the same is hereby in all things reversed.   We do further decide and determine: That it is best for the public good that such road should be widened,"—

they thereupon ordered the widening of said road as prayed for in Happels' application, by making a road two rods wide by adding, on the west side of plaintiffs' one rod wide private road, a strip one rod wide and fifty-three rods long (duly described in said order); that the commissioners' order and determination awarded $200 as damages to Oscar Kurtz, owner

of the land so taken for widening said road, and assessed for advantages thereof to the Happels, the sum of $200, which they paid to Kurtz, who accepted and retained the same; that on May 17, 1947, they deposited also $200 with the treasurer of the town of Polk so that the regularity of said payment should not be questioned; and that the Happels have performed all that is required of them by said order and determination, and have repeatedly requested the town board and its members to widen said road in accordance with said order and determination but the board failed and refused, and informed the Happels the board will not do so unless ordered by the court. All said proceedings and acts and the right claimed by the Happels in order to have said road widened as determined and directed by the commissioners were instituted and conducted under, and intended to be in accordance with, provisions in secs. 80.13, and 80.17 to 80.21, Stats.

Appellants contend the procedure under those statutory provisions is in effect an eminent-domain proceeding whereby,— in so far as it relates to the widening of a private lane which is too narrow to afford reasonable access to a public highway,— private property can purportedly be taken for highway purposes, and that therefore the provisions are, as to such taking, unconstitutional as was held in *Osborn v. Hart,* 24 Wis. 89, in relation to the provisions on the subject of such widening in secs. 70 and 71, ch. 19, R. S. 1858, which were in effect prior to 1869, and in which it was provided:

Sec. 70. "Whenever application shall be made by any freeholder whose land is excluded from the highway, to the supervisors of the town, to lay out a private road, the supervisors may lay out such road; and the damages thereof to any owner of the lands through which such road may be laid shall, in like manner be ascertained and determined; and in case of appeal, the like proceedings shall be had.thereon as is provided in this chapter for the laying out and altering of public highways; except that the applicant for such private road shall, in all

cases, pay the damages and costs arising from the laying out of such road."

But in sec. 71 it is specifically provided:

"Every such private road, when so laid out, shall be for the use of such applicant, his heirs or assigns, but not to be converted to any other purposes than that of a road; nor shall the occupant or owner of the land through which such road shall be laid out, be permitted to use the same as a road, unless he shall have signified his intention of so making use of the same to the supervisors, or the jury who ascertained the damages sustained by laying out such road, and before such damages were so ascertained."

And moreover in sec. 72 it was then provided that the person for whose benefit a private road is laid out shall keep the same in repair, and build all fences required by the opening of such road. Manifestly, under those provisions the intended taking of the land was clearly to be for solely a private instead of a public purpose; and consequently there could be no such taking of private property under an eminent-domain proceeding.

However, since the decision in *Osborn v. Hart, supra,* the above-quoted provisions specifically restricting the use of the private road, which was to be laid out, to "the applicant, his heirs or assigns," have been eliminated by amendments so that there are no such restrictions in or under the present statutes; and therein the roadway as widened is consistently referred to as "highway." Thus, in sec. 80.13 (4), Stats., it is stated,—

"provided, that the amount assessed as advantages to the applicant shall be paid to the town treasurer before the order *laying out such highway* shall be filed."

See also secs. 80.17, 80.19, 80.20, and 80.21, Stats. By that elimination the roadway as widened clearly becomes a high-

way, within the definition of that term as stated in 25 Am. Jur., Highways, p. 339, sec. 2,—

"A highway is a way open to the public at large, for travel or transportation, without distinction, discrimination, or restriction, except such as is incident to regulations calculated to secure to the general public the largest practical benefit therefrom and enjoyment thereof. Its prime essentials are the right of common enjoyment on the one hand, and the duty of public maintenance on the other. It is the right of travel by all the world, and not the exercise of the right, which constitutes a way a public highway, and the actual amount of travel upon it is not material. If it is open to all who desire to use it, it is a public highway although it may accommodate only a limited portion of the public or even a single family or although it accommodates some individuals more than others."

And in referring to sec. 80.13, Stats., we said in *Backhausen v. Mayer,* 204 Wis. 286, 288, 289, 234 N. W. 904,—

". . . it is contended by appellants that a way of necessity should not be recognized in this case because defendants now and at all times did have it in their power to acquire a highway to their premises under sec. 80.13, Stats., which confers authority upon the town board to lay out a highway to premises excluded therefrom where the owner of such premises offers to pay the expense of laying out such highway."

It follows that, as the roadway involved herein will, when widened as determined and directed by the commissioners, be a highway for use by the public, the above-stated provisions in ch. 80, Stats., which authorize the taking of the additional land required for such widening are not unconstitutional; and those provisions, as resorted to in the above-stated proceedings in this case entitle the Happels to the relief which they seek pursuant to their petition for a writ of *mandamus.* As the court stated in *Brock v. Hishen,* 40 Wis. 674, 680,—

"When the [commissioners'] report was filed, it became the duty of the supervisors to lay out the highway. They had no discretion in the matter. If they refused or neglected to do so within a reasonable time, the court, on proper application, would compel them to discharge the duty."

*Morris v. Edwards,* 132 Wis. 91, 99, 112 N. W. 248; *State ex rel. Thompson v. Eggen,* 206 Wis. 651, 238 N. W. 404, 240 N. W. 839.   Consequently the court's order denying the motion to quash the alternative writ of *mandamus* must be affirmed.

*By the Court.*—Order affirmed.

Fowler, J., took no part.

* Motion for rehearing denied, with $25 costs, on April 13, 1948.