DARWIN L. ZWIEG, District Attorney Clark County
You have requested my opinion concerning the definition of a highway in the context of the recently adopted statute regarding all-terrain vehicles, section 23.33, Stats. You have indicated that there is a county forest in Clark County within which are several roadways and have questioned whether these roadways are highways so as to permit them to be designated as all-terrain vehicle routes under section 23.33 (8)(b). You have also questioned the status of these county forest roadways as to traffic enforcement.
As You have noted, section 340.01 defines various terms for purposes of section 23.33. This section provides in relevant part as follows:
 Words and phrases defined. In s. 23.33 and chs. 340 to 349 and 351, the following words and phrases have the designated meanings unless a different meaning is expressly provided or the context clearly indicates a different meaning:
. . . .
 (22) "Highway" means all public ways and thoroughfares and bridges on the same. It includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel. It includes those roads or driveways in the state, county or municipal parks and in state forests which have been opened to the use of the public for the purpose of vehicular travel and roads or driveways upon the grounds of institutions under the jurisdiction of the county board of supervisors, but does not include private roads or driveways as defined in sub. (46).
. . . . *Page 53 
 (46) "Private road or driveway" is every way or place in private ownership and used for vehicular travel only by the owner and those having express or implied permission from the owner and every road or driveway upon the grounds of public institutions other than those under the jurisdiction of the county board of supervisors.
The listing of examples in section 340.01 (22) tends to obscure the plain meaning of its first sentence which provides that all public ways and thoroughfares are highways. If the roadways in county forests are public ways or thoroughfares, then they constitute highways as well. As the Supreme Court stated inWeirich v. State, 140 Wis. 98, 100, 121 N.W. 652 (1909): "As has often been said, judicial construction is only invokable [sic] to solve uncertainties. So where there is no ambiguity there cannot, legitimately, be judicial construction."
The Wisconsin Supreme Court in State ex rel. Happel v. Schmidt,252 Wis. 82, 86, 30 N.W. 220 (1947), quoted with approval from 25 Am. Jur. Highways § 2 (1940):
 "A highway is a way open to the public at large, for travel or transportation, without distinction, discrimination, or restriction, except such as is incident to regulations calculated to secure to the general public the largest practical benefit therefrom and enjoyment thereof. Its prime essentials are the right of common enjoyment on the one hand, and the duty of public maintenance on the other. It is the right of travel by all the world, and not the exercise of the right, which constitutes a way a public highway, and the actual amount of travel upon it is not material. If it is open to all who desire to use it, it is a public highway although it may accommodate only a limited portion of the public or even a single family or although it accommodates some individuals more than others."
County forests are established by section 28.11 for the various public purposes set forth in section 28.11 (1), which provides as follows:
 Purpose. The purpose of this section is to provide the basis for a permanent program of county forests and to enable and encourage the planned development and management of the county forests for optimum production of forest products together with recreational opportunities, wildlife, watershed protection *Page 54 
and stabilization of stream flow, giving full recognition to the concept of multiple-use to assure maximum public benefits; to protect the public rights, interests and investments in such lands; and to compensate the counties for the public uses, benefits and privileges these lands provide; all in a manner which will provide a reasonable revenue to the towns in which such lands lie.
The right of the public to the use of county forests is confirmed by section 28.11 (4)(f): "The general public shall enjoy the privilege of entering such lands for the purpose of hunting, fishing, trapping and other recreation pursuits subject to such regulation and restrictions as may be established by lawful authority."
The maintenance of county forest roads is within the management authority of the county forestry committee under section 28.11
(5) and is clearly public in nature.
Given the right of the public to use those county forest roads which are open to vehicular traffic and the authority of the county forestry committee to maintain such roads as a part of the county forest, it is my opinion that such roads constitute highways as that term is used in section 340.01 (22) and can therefore be designated as all-terrain vehicle routes pursuant to section 23.33 (8)(b).
Having concluded that such county forest roads are highways which can be designated as all-terrain vehicle routes pursuant to section 23.33 (8)(b) requires consideration of your second inquiry.
You have noted that sections 23.33 (5) and 23.33 (4)(d)4. permit persons at least twelve years of age but under sixteen years of age to operate all-terrain vehicles on roadways if such operators hold valid all-terrain vehicle safety certificates. Persons under sixteen years of age may also operate all-terrain vehicles on roadways if accompanied by a parent, guardian or person over eighteen years of age. You question whether these provisions permit the operation of all-terrain vehicles by such persons on roadways which are highways without the need for a valid driver's license.
Section 23.33 (4)(d), which permits operation of all-terrain vehicles on roadways, is very limited in its scope. It permits such operation in only the following five circumstances:
1. To cross a roadway. . . . *Page 55 
 2. On any roadway which is not seasonally maintained for motor vehicle traffic . . . only during the seasons when no maintenance occurs. . . .
 3. To cross a bridge, culvert or railroad right-of-way. . . .
 4. On roadways which are designated as all-terrain vehicle routes. . . .
 5. On roadways if the all-terrain vehicle is an implement of husbandry, if the all-terrain vehicle is used exclusively for agricultural purposes and if the all-terrain vehicle is registered for private use . . . .
Subsection 4, most relevant to your inquiry, is further limited to operation "only for the extreme right side of the roadway except that left turns may be made from any part of the roadway which is safe given prevailing conditions."
Given the limited nature of the operating privileges granted to those under sixteen years of age by section 23.33 (4) and 23.33
(5), I believe it is reasonable to conclude that the Legislature intended that such operation be permissible without the need for a valid driver's license. In all other respects, operators of all-terrain vehicles, regardless of age, are required to comply with the provisions of chapters 340 to 349 except where there is a direct conflict with section 23.33.
DJH:RAV *Page 56