HENRY THIEN, Plaintiff in Error,

*vs.*

GOTTHELF VOEGTLANDER, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF WASHINGTON COUNTY.

The constitutionality of the act commonly called the mill dam act of 1840, has been sustained only upon the ground that the use to which the flowed land was devoted by the erection of a dam was a public use, and that full compensation was made by the provisions of said act to the owner of the land overflowed.

Private property cannot be taken for the use of the public unless compensation is made to the owner, nor can the private property of one person be given to another without his consent, even though compensation be made.

A plea of justification for the overflowing of the lands of other persons under the mill-dam law of 1840, is bad, unless it avers compensation, or an offer of compensation, in accordance with the provisions of said act, for the lands so overflowed.

This was a special action on the case brought in the Circuit Court for Washington county by Gotthelf Voegtlander, plaintiff, against Henry Thien, defendant, to recover damages for the flooding of plaintiff's land by a mill dam constructed and maintained by the defendant in and upon the Milwaukee river in said county.

The plaintiff by his declaration averred his title and possession, and described the premises injured as lot number two in section number twenty-three, in township number nine, north of range twenty-one east.

The flowing of the lands described, and the injury sustained by the plaintiff, were specially stated, and damages claimed in the sum of five hundred dollars.

June Term
1854.

Thien
vs.
Voegtlan-
der.

The defendant Thien filed his plea to the declaration as follows:

And the said defendant, by C. K. Watkins, his attorney, comes and defends the wrong and injury when &c., and says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that in and by an act of the Council and House of Representatives of the Territory of Wisconsin, enacted, approved and made a law, March 25, 1843, entitled "An act to authorize Henry Thien to build and maintain a dam on the Milwaukee river," it was among other things enacted "That Henry Thien (the above named defendant) and his associates, successors and assigns, be and are hereby authorized to build and maintain a dam across the Milwaukee river upon the north-west fractional quarter of section twenty-three in township nine north, of range twenty-one east in the county of Washington, to erect mills or other machinery, or in any other manner to make use of the water for hydraulic purposes that may be deemed necessary for the facilities of business, provided that the lands upon which said dam and its appurtenances are constructed shall be owned by the said Henry Thien or his associates."

And this defendant further says that after the passing of said act at the time when &c., the same being in full force and effect, to erect mills and other machinery, and to use the water of the said Milwaukee river for hydraulic purposes and for the facilities of his business, he did by virtue of said act build a dam with its appurtenances upon land owned by this defendant across the said river upon the premises in said act described, and both mills and machinery erected thereon, and the said dam built for the use

of said mills and machinery and for hydraulic pur-
poses as he might lawfully do at the place aforesaid.
And the said defendant further says that to use the
water for said hydraulic purposes and for the facili-
ties of his business, this defendant by virtue of the
said act hath maintained, and the said dam kept across
the Milwaukee river at the place aforesaid, and did
and hath thence hitherto, and at the time when &c.,
thereby hinder and obstruct the natural current of
said river, and so much flowed back the water of said
river (as he lawfully might do) as was indispensable
and necessary to the facilities of said hydraulic pur-
poses and the business of this defendant in the premi-
ses, and then and there did thereby cause the premi-
ses in the said declaration described to be overflow-
ed for the uses, purposes and facilities aforesaid, as
he well and lawfully doth for the cause and purpose
aforesaid; and this defendant further saith that the
said several injuries and grievances in the declaration
aforesaid supposed, are the same in this plea set forth
and none other or different, and this the said defend-
ant is ready to verify, wherefore, &c.

To this plea the plaintiff demurred and specified the
following causes of demurrer:

1st. The said plea seeks to justify the wrong and
injury in the declaration stated and charged under a
private act of the Council and House of Representa
tives of the Territory of Wisconsin, but said plea does
not fully set forth the terms of said act.

2nd. The said plea does not show that the defen
dant has fully complied with the terms and conditions
of said act in the erection of said dam.

3rd. The said plea claims a naked authority to
erect said dam under said act, and does not show that

June Term
1854.

Thien
vs.
Voegtlan-
der.
any remedy or means of indemnity was provided by said act for those whose lands or other property should be injured by such erection.

4th. That said act in manner and form as describ ed and set forth in said plea is unconstitutional and void, and does not bar the plaintiff's action.

5th. That said plea is in other respects, uncertain, informal and wholly insufficient to bar the said plain tiff from having or maintaining his aforesaid action.

The defendant joined in demurrer and the cause was brought to argument at the October term of the court, 1852.

The court having heard the parties by their respective counsel, sustained the demurrer and dismissed the plea with costs; and by stipulation between the parties judgment was entered for the plaintiff *pro forma* for six cents damages and the costs, to give the defendant Thien, an opportunity to bring the decision of the court below sustaining plaintiff's demurrer to this court for review.

*C. K. Watkins*, for the plaintiff in error.

*J. Stark*, for the defendant in error.

*By the Court*, Whiton, C. J. There is no doubt that the plea of the defendant below is bad.

It sets out an authority granted to him by the legislature of the territory of Wisconsin to build and maintain a dam across the Milwaukee river, at the place described in the declaration of the plaintiff, and avers that the dam was there erected by him for the purpose mentioned in the act, and that in consequence of the building of the dam the water of the river was flowed back, and the land of plaintiff overflowed, &c.

June Term
1854.

Thien
vs.
Voegtlan-
der.

The principal defect in this plea is the omission to state that any compensation was made to the plaintiff by the defendant for the damage occasioned by flowing the land. It has been determined by the Supreme Court of this State, that an act of the legislature of the territory of Wisconsin which authorized any person to "erect and maintain a water-mill and a dam to raise water for working it, upon and across any stream that is not navigable," was valid and obligatory, although it authorized the flowing of land belonging to other persons, (*Newcomb vs. Smith*, 1 *Chand. R.* 71.) But this act provided for a compensation to the owner of the land overflowed, and a mode of recovering it.

The opinion of the majority of the court which sustained the law, was founded upon the fact that the use to which the land was devoted was a public use, and that full compensation was made to the owner. It cannot be maintained that private property can be taken for the use of the public unless compensation is made to the owner, and no one can claim that the property of one person can without his consent be given to another, even if compensation is made. *Const. Wis. Art.* 1, *Sec.* 13.

Admitting, then, that the use to which the overflowed land of the plaintiff was applied was a public use, still the plea is bad for not averring that compensation was made for it. There are other defects in the plea, but we have confined our attention to the one above stated. The judgment of the court below must be affirmed.