IN THE MATTER OF THE APPLICATION OF THE CITIZENS' WATER–WORKS COMPANY, APPELLANT, v. DAVID PARRY AND MARY PARRY, RESPONDENTS.

*Water - Works Company — when it may acquire the title to land by the exercise of the right of eminent domain.*

A company, incorporated for the purpose of furnishing pure and wholesome water, in the absence of the consent of the town or village in which it is located, required by chapter 737 of the Laws of 1873, and of evidence that a contract has been made for the furnishing of hydrants for public sanitary purposes, cannot maintain proceedings for the condemnation of land for the purposes of acquiring the title thereto under the exercise of the right of eminent domain.

*Semble,* that where the water is furnished for public purposes, as in the case of its supply to public hydrants, and must be paid for by taxation, a contract for the supply of the water having been entered into between the company and the town or village, the case is different and condemnation proceedings may be maintained for the acquirement of the necessary land.

APPEAL by the Citizens' Water-Works Company from a judgment, entered in the office of the clerk of the county of Orange on the 1st day of October, 1890, after a trial before the court at the Dutchess County Special Term, at which it was adjudged that the plaintiff had no right to the appointment of a commission to condemn certain land sought to be acquired by it belonging to the defendants.

· The Citizens' Water-Works Company was a corporation created and organized under chapter 737 of the Laws of 1873; and the acts amendatory thereof, for the purpose of providing water for the use of the town of Highlands and its inhabitants, and instituted this proceeding for the condemnation of certain property rights alleged to be necessary in the conduct of its business.

*Calvin Frost* and *C. E. Tracy,* for the appellant.

*A. H. F. Seeger,* for the respondents.

PRATT, J. :

The petition sets out that the plaintiff is a duly incorporated company for the purpose of furnishing pure and wholesome water to the town of Highlands, in Orange county. That it requires the land described in the petition for the purposes of the corporation,

and that they cannot agree with the owners upon a price to be paid therefor. There are other allegations not necessary to be mentioned, but there is no allegation that the consent of the town or village was obtained before the filing of the articles of incorporation, as required by chapter 737 of the Laws of 1873, and no allegation that they have ever entered into a contract with the authorities of any town or village to furnish water for hydrants for sanitary purposes.

The appellant claims that by the admission of the defendants that the appellant was *duly incorporated*, it must be presumed that the consent required under the act of 1873 was given, and that a contract, express or implied, was entered into as required by the statute, to wit, chapter 415 of Laws of 1876, and chapters 422 and 423 of Laws of 1885, but the question whether a contract had been made was put in issue by the defendants, and it was conceded by the petitioner that no contract had been made.

There has been so much legislation upon this subject and the acts have been so inartificially drawn that it is difficult to determine the legislative intent. It may well be that the legislature intended to make a distinction between towns and villages and the inhabitants thereof, and between furnishing pure and wholesome water for the inhabitants and furnishing water for hydrants and sanitary purposes under a contract to be made with the authorities of such towns and villages.

Under the act of 1873, with the consent of the authorities, a corporation could be formed for the purpose of furnishing pure and wholesome water to individual inhabitants, but such corporation could not condemn land. Merely furnishing water to inhabitants was, in its nature, a private enterprise; but when it comes to the question of furnishing water for public purposes like hydrants, which must be paid for by taxation, the case is different, and before condemnation proceedings can be instituted there must be a contract with the authorities.

It is to be noted that the first act that authorizes such a corporation to acquire land by condemnation was passed in 1876 (chap. 415); that act expressly provides that there must be such a contract, and the same requirement is contained in chapter 422 of Laws of 1885. I cannot see that the decision in the case of the *Stamford Water*

*Company* v. *Stanley* (103 N. Y., 650), helps the appellant out of the difficulty.

It does not appear from the report of this case that the plaintiff had not made a contract with the authorities of the village, and besides, the question there decided was that the act authorizing condemnation proceedings was constitutional. I can find nothing in this case that authorizes a presumption that any contract has been entered into with the town authorities, as the contrary is proved. The respondent had the right to insist, before his lands were taken, that the statutes in that regard should be strictly complied with.

The fact that in every one of the statutes that confer upon such corporations the right to condemn property, there is a clause making a contract with public authorities a condition precedent to the exercise of such right, constrains me to hold that the legislature intended to make a distinction between furnishing water to individuals and to the village and town for public use, which was to be paid for by taxation.

If these views are correct, the judgment must be affirmed, with costs.

