THE WISCONSIN WATER COMPANY, Respondent, vs. WINANS
and others, Appellants.

*March 28 — April 11, 1893.*

*Eminent domain: Public use: Water company.*

1. A public use, as well as a legislative warrant of the necessity of the
taking, is a condition precedent to the right to condemn property.
2. A corporation organized under the general laws for the purpose of
constructing and maintaining waterworks and connections for sup-
plying the inhabitants of Milwaukee and other cities with water
for domestic use and sanitary purposes, and to do a general water-
works business, filed its petition for the condemnation of certain
lands, not within any of said cities, across which it proposed to lay
a pipe line. The petition stated that such pipe line was to extend
from certain springs at a distance from Milwaukee *to the limits*
of said city, and that the petitioner intended "to convey, distribute,
furnish, and supply water from said springs for drinking and sani-
tary purposes to the inhabitants of Milwaukee." It did not appear
that the petitioner had any legal right to enter upon or condemn
land in said city, or that it had acquired the right to construct or
maintain waterworks or to lay pipe therein, or to sell or dispose of
the water to be conveyed by the pipe line to the inhabitants thereof.
*Held,* that no such public use was shown as would give the right
of condemnation.

APPEAL from the Circuit Court for *Waukesha* County.
On January 4, 1893, the *Wisconsin Water Company* filed
with the clerk of the circuit court for Waukesha county its
verified petition, addressed to said court and the judge
thereof, stating that said petitioner was duly incorporated
and organized under and in pursuance of the laws of this
state; that the business and purposes for which it was
formed, and in which it was by law authorized to engage,
was the construction and maintenance of waterworks and
connections for the supply of the inhabitants of the cities
of Milwaukee, Burlington, Racine, and other cities and vil-
lages with water for domestic use and for sanitary purposes,

and to do a general waterworks business; and to that end, and for such purpose, to build and construct all necessary reservoirs and other buildings and appliances, lay pipes and pipe lines, and acquire for itself, its successors and assigns, the title in fee simple to, and such easement in and servitude upon, all such lands, streets, roads, highways, and places as might be necessary, and to use and hold the same, and generally to do any and all requisites necessary or proper to be done to convey, distribute, and supply water to the inhabitants of such cities and villages, or any of them, for hire; that it had contracted for and purchased of the Waukesha Hygeia Mineral Spring Company, a corporation organized under the laws of Illinois, owning the Hygeia and Glenn springs in Waukesha, and that it then owned and possessed the right to use said springs, and the buildings, machinery, and apparatus thereof, to the extent necessary for all purposes for which the petitioner might require the same in its business; and that it was its purpose and intention to convey, distribute, furnish, and supply water from said springs for drinking and sanitary purposes to the inhabitants of Milwaukee, by means of a pipe line extending from said springs to the city of Milwaukee, to be laid and constructed on a line or route extending from said springs southerly a distance of about ten miles, to "Darling Place," so called, and thence in a northeasterly direction *to the limits of the city of Milwaukee;* that said petitioner had actually surveyed its route and staked out the center line thereof from said springs to the city of Milwaukee, as aforesaid; that said pipe line was necessary to enable said petitioner to convey such water from said springs to the city of Milwaukee, and to distribute, furnish, and supply the same for drinking and sanitary purposes to the inhabitants thereof; that said pipe line will be the main line of pipe of said petitioner; that it is authorized by its charter to construct its said pipe line over the route aforesaid, and that it

The Wisconsin Water. Co. vs. Winans and others.

is its intention, in good faith, to construct, lay, maintain, and operate said pipe line over and along said route; that its line had been located by its board of directors upon the line so staked out; that for such purpose it was necessary that a strip of land one rod in width be acquired by said petitioner on and along the line of said proposed route, and that such right of way had been fixed and established by its board of directors at the width named; that the lands across which said pipe line had been so staked out, with the names of the parties who owned and occupied the same, and who are interested therein, as near as said petitioner could ascertain, were as therein specifically stated; that said real estate so described was required and was necessary for the purpose of constructing, maintaining, and operating its proposed pipe line from said springs in Waukesha to the city of Milwaukee; that maps of said route, fully showing all the facts connected therewith, were annexed to said petition; that none of said owners or occupants or persons so interested were infants, except as therein stated, and none of unsound mind or unknown to said petitioner, and that a general guardian had been appointed for said infants. The prayer of the petition was. that it might be determined that the petitioner was entitled to take the whole of said land and real estate sought to be acquired by proceedings herein, and also for the appointment of commissioners of appraisal thereof, and that an order be made prescribing that notice be given of the time and place of hearing said petition, pursuant to law, and that a guardian *ad litem* be appointed for said infants.

A deed was executed by the said Waukesha Hygeia Mineral Spring Company to the said petitioner, bearing date January 3, 1893, and acknowledged January 16, 1893, whereby the said Waukesha Hygeia Mineral Spring Company conveyed to the said petitioner, its successors and assigns, forever, all of the right of way already acquired

and pipe line already laid by the said Waukesha Hygeia Mineral Spring Company between Burlington, Racine, and Waukesha, together with all material on hand necessary to complete said pipe line between said points, and all contracts for the completion of the same, and all contracts for the right of way between said points theretofore obtained by it; and also the right to use the springs owned by said company, and the buildings, machinery, and apparatus thereof, to the extent necessary for all the purposes for which the said petitioner may require the same in its business,— subject to the mortgages then outstanding on said property. On January 12, 1893, the board of directors of the petitioner authorized and directed the president and secretary thereof to enter into a contract with the said Waukesha Hygeia Mineral Spring Company, and the same was entered into accordingly, which contract bears date January, 1893, wherein the petitioner covenanted and agreed with the said Hygeia Company that it would by April 1, 1893, have acquired the right of way for a pipe line, and would complete its pipe line from the said Hygeia and Glenn springs to a point east of Burlington at the end of the pipe line which had theretofore been constructed by said Hygeia Company, and that it would, from the time of its completion of its said pipe line to said point, continuously furnish to the said Hygeia Company, through said pipe line at said point, water from said springs sufficient to fill a six-inch pipe, until April 1, 1894, at and for the sum of $50 per day; provided, always, that the ability of said petitioner to furnish said water to the inhabitants of Milwaukee and Burlington shall not be impaired thereby. Said Hygeia Company thereby covenanted and agreed that for the water so furnished it would pay to the petitioner the sum of $50 per day, payable on the 15th day of each and every month at the office of said petitioner in Milwaukee. The petitioner

30          SUPREME COURT OF WISCONSIN.          [85

The Wisconsin Water Co. vs. Winans and others.

was to pay to said Hygeia Company $500 for each and every day which should elapse after April 1, 1893, until said pipe line to said point was completed; and said Hygeia Company agreed that it would pay to the petitioner $500 for each and every day that should elapse after its said pipe line should have been completed to said point near Burlington, before April 1, 1893. The petitioner agreed that, immediately upon the acquisition by it of the remainder of the right of way for said pipe line to said Burlington, it would enter upon the construction of, and forthwith construct and equip with suitable machinery, pumping works sufficient to furnish water from said spring for the purposes of said petitioner, and to enable it to comply with its contracts with the said Hygeia Company; and that the petitioner would take a lease of the real estate upon which said springs were located for the term of ten years, and give the Hygeia Company the option to purchase at any time during said term said pumping works and machinery, at a price to be fixed by arbitrators.

Upon said petition, and on January 4, 1893, an order was made by Hon. A. SCOTT SLOAN, judge of said circuit court, fixing January 18, 1893, at 10 o'clock A. M., or as soon thereafter as counsel could be heard, at his chambers at Waukesha, as the time and place of hearing the petition, and directing that notice of such hearing be given; and notice thereof was given accordingly. On January 18, 1893, certain of said landowners moved the court to dismiss all the proceedings in said matter, including the petition, and to vacate and set aside said order made therein January 4, 1893, for the reason that it appeared upon the face of said petition that it did not state facts sufficient to authorize the court to make such an order, and that it did not state facts sufficient to give the court jurisdiction to act in the premises in the manner as prayed for in said petition. On the same day certain other landowners ap-

peared and filed written objections to granting the prayer of said petition, to the effect, among others, that there was no necessity for the construction and maintenance of water-works, either in Milwaukee or Burlington, or of having any pipes laid for the purpose of carrying water to either of said places.

The hearing of said matter was thereupon adjourned to February 9, 1893, at the same place. On February 9, 1893, the said circuit court being in session, with Hon. A. Scott Sloan presiding, the said judge then and there, on his own motion, entered an order to the effect that "the judge of this thirteenth circuit, before whom this action is pending, being prejudiced in the matter, hereby requests Judge Frank M. Fish to attend, hear, and determine said matter." In pursuance of said order, Judge Frank M. Fish appeared on said February 9, 1893, and the said court being then and there in session, and the said Frank M. Fish then and there presiding as judge thereof, the said landowners demurred to said petition; and after hearing arguments on said demurrer and said motions, and on February 13, 1893, the said court, with said Judge Fish presiding, overruled said demurrer and denied said motions, to which the said landowners then and there excepted. The court thereupon heard the testimony of the respective parties, and at the close thereof, and on motion of counsel for the petitioners, it was ordered by the court that William McArthur, of Waukesha county, George R. Allen, of Walworth county, and L. C. Klein, of Racine county, three disinterested freeholders residing in said counties, respectively, be, and they were thereby, appointed commissioners to ascertain and appraise the compensation to be made to the owners or persons interested in the real estate described in said petition within the county of Waukesha, for the purposes of said petitioner, and according to the statute in such case made and provided; and the first meeting of

said commissioners be, and was thereby fixed to be, held at a place therein named, on February 21, 1893, at 2 o'clock P. M. From said order so appointing commissioners, and from the whole thereof, the said landowners appeal.

*E. Merton* and *T. E. Ryan*, for the appellants, argued, among other things, that the direct distance from Waukesha to Milwaukee is fourteen and one half miles, while the route selected and staked out by the petitioner is twenty-eight miles. The legislature as well as courts have only the right to take lands which may be actually necessary to carry on a public matter. It is not a matter of convenience, but a matter of actual necessity. *Spring Valley Water Works v. San Mateo Water Works,* 64 Cal. 123. All powers given for the condemnation of private property for public use must be strictly construed. 2 Dillon, Mun. Corp. sec. 604; Cooley, Const. Lim. 530, 531. A corporation formed for the purpose of constructing and maintaining waterworks within any city or village has no greater power and no more rights than the municipality itself. It is clear that a municipal corporation cannot usually exercise its powers beyond its own limits; and if it has in any case the authority to do so, such authority must be derived from some statute which expressly or impliedly permits it. *Houghton Common Council v. Huron Copper Mining Co.* 57 Mich. 547. There must be something set out in the petition to show that the petitioner herein has either made a contract with the city of Milwaukee or has obtained the right or franchise from it to lay mains or pipes within the streets and alleys of the city to supply the city or inhabitants thereof with water for the purposes mentioned in the statute. To make this a public use it must, in a measure at least, be under the public control. *West River Bridge Co. v. Dix,* 6 How. 547; *Matter of Deansville Cem. Asso.* 66 N. Y. 569; *Ryerson v. Brown,* 35 Mich. 333, 24 Am. Rep. 564. The petitioner cannot lay pipes or mains within

the streets and alleys of any city or village unless it has obtained the right to do so from the municipal authorities. *Waukesha Hygeia M. S. Co. v. Waukesha,* 83 Wis. 475. When the court is satisfied that the purposes of the petitioner are different from those set forth in the petition, it is the duty of the court to dismiss the petition. *Forbes v. Delashmutt,* 68 Iowa, 164; *Chicago & E. I. R. Co. v. Wiltse,* 116 Ill. 449.

For the appellants *Peter Lau* and the *President, etc., of the Village of Waukesha,* there was also a brief by *Theron W. Haight,* attorney, and *William W. Wight,* of counsel, and the cause was argued orally by *Mr. Haight.* They argued, among other things, that the right of eminent domain can only be exercised for public advantage. It gives to the legislature the control of private property for public uses, and for public uses only. *Powers v. Bergen,* 6 N. Y. 358; *Culbertson v. Coleman,* 47 Wis. 199; 2 Kent, Comm. 339, 340; *People ex rel. Trombley v. Humphrey,* 23 Mich. 471; *Memphis Fr. Co. v. Mayor,* 4 Cold. (Tenn.), 419; *West River Bridge Co. v. Dix,* 6 How. 546; *Lance's App.* 55 Pa. St. 16; *Coster v. Tide Water Co.* 18 N. J. Eq. 54; 4 Sharswood & Budd, L. C. Real Prop. 436; *Clack v. White,* 2 Swan (Tenn.), 540, 549; *Forney v. F., E. & M. V. R. Co.* 23 Neb. 465–468; *Weidenfeld v. S. R. R. Co.* 48 Fed. Rep. 615, 618; *Evergreen Cem. Asso. v. Beecher,* 53 Conn. 551; *Matter of N. Y. & H. Co. v. Kip,* 46 N. Y. 546; Mills, Em. Dom. sec. 48; 1 Rorer, Railroads, 291; Pierce, Railroads, 146. The articles of organization of the petitioner are not conclusive of its intentions. *Milwaukee S. S. Co. v. Milwaukee,* 83 Wis. 590. But if they were so conclusive, the articles leave it optional with the company to supply the inhabitants of one city or village or another with water, or in lieu of making such supply to do "a general waterworks business," which may mean (and in the light of later developments does mean) to supply the Hygeia Mineral Spring Com-

pany's pipe line to Chicago with " water enough to fill continuously a six inch pipe" which the last named company has laid from the World's Fair grounds at Chicago to within six miles of Waukesha.  If the petition were granted it would be within the power of the petitioner to use its line for purposes entirely alien to those set forth in the law of 1883, and to neglect using it for the purposes set forth entirely.  The fact that such an option can exist is fatal to the petitioner's claim to exercise the right of eminent domain.  *Att'y Gen. v. Eau Claire*, 37 Wis. 437.  Granting that the petition itself sets forth sufficient facts, its assertions may be controverted by circumstantial evidence.   In *Weidenfeld v. S. R. R. Co.* 48 Fed. Rep. 615, and *Appeal of Edgewood R. Co.* 79 Pa. St. 257, an injunction was granted to restrain the unlawful exercise of the right of eminent domain.  But our statute (sec. 1847, R. S.) appears to be intended to meet these questions at the outset, for the purpose of avoiding multiplicity of litigation.  Any person whose estates or interests are to be affected by the proceeding may show cause against granting the prayer of the petition.  And if a cause is shown which would be sufficient for the procurement of an injunctional order against the exercise of the state's right of eminent domain after being accorded by a court, it is also sufficient to prevent the according of such right by the court.   *Matter of Niagara F. & W. R. Co.* 108 N. Y. 375; *Matter of Split Rock C. R. Co.* 128 id. 408.  The question as to whether the use to which private property is proposed to be devoted by legislative power is public or private is a judicial one, and the courts are not concluded by any declaration of the lawmaking power as to the nature of the use.   *Waterloo W. Mfg. Co. v. Shanahan*, 128 N. Y. 345; *Curtis's Adm'r v. Whipple*, 24 Wis. 350; *West River Bridge Co. v. Dix*, 6 How. 507, 545, 547; Cooley, Const. Lim. 536.  In determining whether the use is public or private, courts are not

confined to the description of the objects and purposes set forth in the articles of association, but evidence *aliunde*, showing the actual business to be conducted, must be considered if the fact of public use is challenged. *Matter of Niagara F. & W. R. Co.* 108 N. Y. 375. A possible limited use by a few, and not then as a right, but by way of permission or favor, is not sufficient to authorize the taking of private property against the will of the owner. *Matter of Deansville Cem. Asso.* 66 N. Y. 569; *Matter of Eureka Basin W. & M. Co.* 96 id. 42; *Matter of Rochester H. & L. R. Co.* 110 id. 119; *Matter of N. Y., L. & W. R. Co.* 99 id. 12. A particular improvement palpably for private advantage only will not become a public use because of the theoretical right of the public to use it. *De Camp v. Hibernia R. Co.* 47 N. J. Law, 43, 47.

There was also a supplementary brief for the appellants, signed by *Ryan & Merton, T. W. Haight,* and *D. H. Sumner.*

For the respondent there was a brief signed by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.* They contended, *inter alia,* that a mere inspection of sec. 927*b*, S. & B. Ann. Stats., will show that the legislature intended to confer the right of condemnation for the purpose of laying pipes as well as for the erection of pumping stations and stand-pipes, and that the legislature advisedly used the word "works" as being the most comprehensive term which could be employed. *Richmond v. R. & D. R. Co.* 21 Grat. 607, 608. There can be no question as to the power of the legislature to authorize the condemnation in question. *Beekman v. S. & S. R. Co.* 3 Paige, 45–73; *Smeaton v. Martin,* 57 Wis. 364–372. There is no limitation upon the power of the legislature in this respect, if the purpose be a public one. *Secombe v. Railroad Co.* 23 Wall. 108–118; *Weir v. St. P., S. & T. F. R. Co.* 18 Minn. 155. The performance of a public service is such an employment

of property as to constitute a public use. *People ex rel. D. & H. R. Co. v. Salem*, 20 Mich. 452–481. In this view the right of eminent domain has been upheld in telephone companies (*Pierce v. Drew*, 136 Mass. 75), canals, etc. (6 Am. & Eng. Ency. of Law, 525, note 8), logging booms (*Cohn v. Wausau Boom Co.* 47 Wis. 324), grist mills (*Newcomb v. Smith*, 2 Pin. 131), and pipe lines (*Matter of Bloomfield & R. N. G. L. Co. v. Richardson*, 63 Barb. 437; *W. Va. Transp. Co. v. V. O. & C. Co.* 5 W. Va. 382). And in many other ways the courts have recognized the public use in any enterprise which would conserve the safety, health, well-being, or convenience of the public. *State ex rel. Baltzell v. Stewart*, 74 Wis. 620. The distribution of water for drinking purposes is a public use. *Fond du Lac W. Co. v. Fond du Lac*, 82 Wis. 322; *St. Helena W. Co. v. Forbes*, 62 Cal. 182; *Wayland v. County Comm'rs*, 4 Gray, 501; *Bloomfield & R. N. G. L. Co. v. Richardson*, 63 Barb. 446; *Ipswich Mills v. County Comm'rs*, 108 Mass. 363; *Matter of Rochester W. Comm'rs*, 66 N. Y. 413; *Fleming's App.* 65 Pa. St. 444; Gould, Waters, sec. 241. Waterworks may be exempted from taxation because of their *quasi*-public character. *Portland v. Portland W. Co.* 67 Me. 135–137. Although the right remains in the courts to finally determine whether the use indicated is public or not, yet the courts are reluctant to hold that a use declared public by the legislature is not so in fact; and the courts will take this course only when the departure by the legislature is palpable. Mills, Em. Dom. sec. 10; 6 Am. & Eng. Ency. of Law, 524; *State ex rel. Baltzell v. Stewart*, 74 Wis. 620–629. Since the line must be begun somewhere, it must lie in the discretion of the company as to where it will begin. *Chicago & W. I. R. Co. v. Dunbar*, 100 Ill. 110, 129, 130; *Matter of Gilbert E. R. Co.* 70 N. Y. 361–375. As the law nowhere requires, as a condition precedent to the right to condemn, that any other proceeding shall have been had in that direction,

counsel cannot interpolate into the statute any such condition. The objection that the petitioner had not acquired a franchise from the city of Milwaukee is answered in the same way, but it is absolutely disposed of by the authorities. Lewis, Em. Dom. sec. 395; *Cal. S. R. Co. v. Kimball,* 61 Cal. 91. The record and testimony show conclusively that the petitioner was organized for the purpose of supplying the inhabitants of the city of Milwaukee with drinking water, and proposes to so supply them, and has already made enormous expenditures to that end. The petition goes upon such incorporation, and any condemnation that went upon this petition would give to respondent a right to the land only so long as it was used for such public purposes. The facts that the condemnation sought is for a public purpose, that the line when built will be a public enterprise, and that the use to be taken is limited to a public use, are conclusive. *Nat. Docks R. Co. v. Cent. R. Co.* 32 N. J. Eq. 755. The public character of the enterprise depends not upon what the projectors may desire to do, but upon what the law requires them to do. *Matter of N. Y., L. & W. R. Co.* 99 N. Y. 21; *De Buol v. F. & M. R. R. Co.* 111 Ill. 499–503; *Lumbard v. Stearns,* 4 Cush. 60; *Olmsted v. Proprietors,* 47 N. J. Law, 311. The easement acquired by condemnation proceedings lasts so long and only so long as the use for which it was acquired continues, and upon a cessation or abandonment of such use the right is extinguished and the land is released from the servitude. *Proprietors L. & C. v. N. & L. R. Co.* 104 Mass. 1. A corporation may incidentally turn to account a part of its property not immediately useful to the charter enterprise. *Simpson v. Westminster P. H. Co.* 2 De Gex, F. & J. 141, affirmed, 8 H. of L. Cas. 712; *Armstrong v. Penn. R. Co.* 38 N. J. Law, 1; *State v. Eau Claire,* 40 Wis. 533; *Bell v. Platteville,* 71 id. 146; *Green Bay & M. C. Co. v. Kaukauna W. P. Co.* 70 id. 635; *St. Louis v. Maggie P.* 25 Fed. Rep. 202–204.

CASSODAY, J.   The statutes provide, in effect, that for the construction and maintenance of waterworks for the supply of any city or village in this state, or the inhabitants thereof, with water for protection against fire, or for domestic use or sanitary purposes, *every corporation* formed for such purpose under the laws of this state is hereby authorized to acquire the title in fee simple to, or such easement in, or servitude upon, all such lands as may be necessary for the construction or maintenance of such works, and to hold and use the same for that purpose; and such lands and interests therein may be acquired by such corporations in the manner provided by secs. 1845–1857, R. S.   Sec. 927*b*, S. & B. Ann. Stats.; ch. 325, Laws of 1882; ch. 165, Laws of 1883.   Such a corporation may, it would seem, be formed in the manner prescribed by ch. 86, R. S., as amended,— although such purpose is not specifically named in sec. 1771,— in view of the context and the provisions of the act giving such authority to such corporation, and the general clause in the section last cited, which reads: "*Or for any lawful business or purpose whatever, except* the business of banking, insurance, building or operating public railroads, or plank or turnpike roads, or *other cases otherwise specially provided for.*"   This seems to be broad enough to authorize the formation of corporations " for the construction and maintenance of waterworks for the supply of any city or village in this state, or the inhabitants " thereof, " with water for protection against fire, or for domestic use or sanitary purposes."

The question here involved is whether the record presents a case authorizing the petitioner to condemn the lands described in the petition for the purposes mentioned.   The contest is not one between the petitioner and the village of *Waukesha* or its inhabitants, or the owners of rival springs, but, so far as the law is concerned, the contest is solely between the petitioner and the owners of the lands sought to

be condemned. " The property of no person shall be taken
for *public use* without just compensation therefor." Sec.
13, art. I, Const. Wis. It is firmly settled that the legisla-
ture has no power to authorize the taking of private prop-
erty for a private use without the owner's consent, even
upon the making of just compensation therefor. *Pratt v.
Brown*, 3 Wis. 612; *Osborn v. Hart*, 24 Wis. 89; *Culbertson
v. Coleman*, 47 Wis. 200; *Embury v. Conner*, 3 N. Y. 511,
53 Am. Dec. 325, and notes; *Cole v. La Grange*, 113 U. S. 1;
Lewis, Em. Dom. § 157. This court has repeatedly held, in
effect, that the question of the necessity for taking lands
for public use by right of eminent domain is one to be de-
termined by the legislative department of the government.
*Smeaton v. Martin*, 57 Wis. 364; *Smith v. Gould*, 59 Wis.
641; *State ex rel. Baltzell v. Stewart*, 74 Wis. 630. See
*U. S. v. Oregon R. & N. Co.* 16 Fed. Rep. 524, 14 Am. &
Eng. R. Cas. 23. Thus, it is said by Mr. Lewis, in the work
mentioned, that " the necessity, expediency, or propriety
of exercising the power of eminent domain, and the extent
and manner of its exercise, are questions of general policy,
and belong to the legislative department of the govern-
ment." Lewis, Em. Dom. § 162. So, this court has held,
in the cases cited, that while the necessity for such taking
is to be determined by the legislature, yet it may delegate
the exercise of such right to town or municipal officers.
While the legislature cannot divest itself of sovereign pow-
ers, yet in the exercise of such powers it may select such
agencies as it pleases, and confer upon them the right of
taking private property for public use, subject only to the
limitations contained in the constitution. Lewis, Em. Dom.
§ 242. " It may be regarded as settled law that it is solely
for the legislature to judge what persons, corporations, or
other agencies, may properly be clothed with this power."
*Ibid.*, and cases there cited. The question of such necessity,
however, seems to be entirely distinct from the question of

such public use. Of course, the legislature or its agency must, in the first instance, determine whether the use for which it is proposed to make the condemnation is a public use; but such determination is not final as to the character of the use. Lewis, Em. Dom. § 158. In the same section it is said: "All the courts, we believe, concur in holding that whether a particular use is public or not, within the meaning of the constitution, is a question for the judiciary." See, also, *Talbot v. Hudson,* 16 Gray, 417; *In re Deansville Cemetery Asso.* 66 N. Y. 569; *In re Niagara Falls & W. R. Co.* 108 N. Y. 375; *Coster v. Tide-Water Co.* 18 N. J. Eq. 54; *In re St. Paul & N. P. R. Co.* 34 Minn. 227; *Tyler v. Beacher,* 44 Vt. 648; *Smeaton v. Martin,* 57 Wis. 364.

It would be very difficult, if possible, to define in a single sentence just what constitutes a public use, as determined by the adjudged cases. Mr. Lewis says, in effect, that it is the power of the " state to appropriate private property to particular uses for the purpose of promoting the general welfare " (sec. 163); that "public use means the same as use by the public, and this, it seems to us, is the construction the words should receive in the constitutional provision in question " (sec. 165). " Though the property is vested in private individuals or corporations, the public retain certain definite rights to its use or enjoyment, and to that extent it remains under the control of the legislature. If no such rights are secured to the public, then the property is not taken for public use, and the act of appropriation is void." *Ibid.* The mill-dam act was upheld in this state, on the ground that the land flowed by virtue of it, and the water power thereby created, was devoted to a public use. *Thien v. Voegtländer,* 3 Wis. 461; *Pratt v. Brown,* 3 Wis. 603; *Fisher v. Horicon Iron Mfg. Co.* 10 Wis. 351. Where such mill is engaged in doing custom work for any and all who apply, it may well be regarded as devoted to a public

use. *Sadler v. Langham,* 34 Ala. 325. So, it has been held
in this state that the taking of land for the construction of
a ditch to drain a public highway is the taking of it for a
public use. *Smeaton v. Martin,* 57 Wis. 364. Waterworks
for the supply of a city or village in this state, or the in-
habitants thereof, with water for protection against fire,
or for domestic use or sanitary purposes, may be devoted
to the general welfare of such municipality or its inhab-
itants, and, if so devoted, we perceive no reason why they
should not be regarded for the public use. *Attorney Gen-
eral v. Eau Claire,* 37 Wis. 400; *Wayland v. Middlesex
Co. Comm'rs,* 4 Gray, 500; *In re Middletown,* 82 N. Y. 196;
*Stamford Water Co. v. Stanley,* 39 Hun, 424; *In re New
Rochelle Water Co.* 46 Hun, 525; *St. Helena Water Co. v.
Forbes,* 62 Cal. 182. In Kentucky it has been held that
" necessity and a public use must, in all cases, exist as a
*condition precedent* to the legal right of a railway company
to enforce the remedy given by a charter to condemn prop-
erty." *Tracy v. E., L. & B. S. R. Co.* 80 Ky. 259, 14 Am.
& Eng. R. Cas. 407. In the same case it was held that
" the company is not the judge of the necessity for the
condemnation of the property, or of the character of its
use. The decision of both of these questions belongs to
the court." In *In re Niagara Falls & W. R. Co.* 108 N. Y.
375, it was held, in effect, that a railroad corporation seek-
ing to take property *in invitum* for the purposes of its
road must be able to show, first, a legislative warrant;
and, secondly, if the right is challenged, that the business
it is organized to carry on *is public,* and that the taking of
private property for *its purposes is a taking for public use;*
and that the question as to whether the uses are in fact
public, so as to justify such taking, is a judicial one, to
be determined by the courts. See, also, *Citizens' Water-
works Co. v. Parry,* 59 Hun, 202, affirmed 128 N. Y. 669;

*Edgewood R. Co.'s Appeal,* 79 Pa. St. 257; *Sterling's Appeal,* 111 Pa. St. 35.

Upon the authorities cited, as well as reason, we are constrained to hold .that a legislative warrant of the necessity of the taking, and that the same is for a public use, must coexist as conditions precedent to the right of condemnation in all cases. Especially should this be so where, as here, the corporation is created by the incorporators under the general laws. Here, as indicated in the foregoing statement, the petitioner only seeks to condemn for its pipe line from its springs in Waukesha, by way of Darling place, to the city limits of Milwaukee. There is nothing in the record showing any legal right in the petitioner to enter upon or condemn land in that city. It does not appear that the petitioner has secured, by way of contract or otherwise, the right to construct or maintain waterworks or to lay pipe therein, or to sell or dispose of the water so to be conveyed by pipes to the inhabitants of that city. For aught that appears, such pipe line may terminate at such city limits, or the water to be conducted through the same be there put to private use. There can be no public use, except in supplying the city or its inhabitants with water for the uses and purposes mentioned. Until the right to so supply the city or its inhabitants with water is secured, there can be no right to condemn. The declared purpose of the petitioner is to take the water from its springs, and convey it through the pipes to be laid to the city, and there to supply the city or its inhabitants. The transportation is purely incidental to such supply for such public use in the city. Without the right in the petitioner to so supply for such public use, the condemnation here sought, to lay such pipe, would necessarily be independent of such public use. It is entirely unlike a railroad, which is used by the public along the whole line. In the

case at bar the right to so supply for such public use at the terminus gives character to the whole enterprise. We are forced to the conclusion that the showing made was insufficient to authorize such condemnation.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to dismiss the proceedings.