(Opinion published 55 N. W. Rep. 815.)

STATE OF MINNESOTA *ex rel.* DULUTH BELT LINE RY. CO. *vs.* DISTRICT COURT OF ELEVENTH JUDICIAL DISTRICT.

Submitted on briefs June 1, 1893. Decided June 28, 1893.

**All Railroads to be Taxed on Gross Earnings.**

A railroad company organized for and doing the business of an ordinary railroad, transporting passengers and freight, *held* subject to taxation only in accordance with Laws 1887, ch. 11,—that is, by the rule of percentage on its gross earnings,—although the road is only three miles in extent, the cars being operated by a steam locomotive over two miles of the road, and by cable up a steep ascent of one mile.

*Certiorari* issued February 13, 1893, on the information of Walter Ayers, attorney for the Duluth Belt Line Railway Company. The writ was directed to the District Court of the Eleventh Judicial District sitting in and for St. Louis County, J. D. *Ensign*, J. The purpose was to review a final judgment rendered against that company February 7, 1893, for $348.95, taxes for the year 1891, upon its personal property.

By the return of *Hon. J. D. Ensign*, one of the judges of that court, it appears that the franchise and personal property of this company were assessed for taxation, and a tax levied thereon to the amount of $300. This tax it refused to pay, claiming that the only tax it was required by law to pay was a percentage of its

gross earnings. It claimed to be a railroad corporation embraced in Laws 1887, ch. 11. On July 8, 1892, notice was issued and served, requiring the company to show cause September 6, 1892, why it should not pay said tax with penalty and costs, and informing it that if it failed to pay meantime or to show cause on that day, judgment would be entered against it for the tax, penalty and costs. It appeared and showed cause, and claimed it was a railroad corporation organized under 1878 G. S. ch. 34, title 1, with a capital stock of $1,000,000 for railway purposes exclusively; that Sp. Laws 1873, ch. 111, (1878 G. S. ch. 11, §§ 128, 129,) was made applicable to it by Laws 1887, ch. 11. Evidence was taken showing its railway was formerly known as the Duluth Incline Railway; that it operated about two miles of road in West Duluth by locomotive, and about one mile up the steeper grade in Duluth to Bayview on the hill, by stationary engine and cable. It was completed and commenced operation in October, 1889, and carried both freight and passengers. It had a system of tariff and ran trains daily. It never made any report to the State Treasurer of its gross earnings. It applied to him for blanks on which to make such report, but was unable to obtain them. The District Court made findings of fact, and ordered judgment against the company for $331.95, the tax, penalty and interest, together with costs to be taxed. It was so entered. The return embraced all the records in the tax proceeding, together with a settled case, containing all the evidence given on the trial in the District Court.

*Walter Ayers,* for relator.

*Chas. C. Tear,* County Attorney, for respondent.

DICKINSON, J. For the year 1891 taxes were assessed upon the personal property of the relator in the county of St. Louis in accordance with the general system of taxation, the tax being based upon the assessed value of the property. The tax becoming delinquent, and proceedings being instituted to recover judgment therefor under the statute, the relator interposed its answer in the district court. Its defense was that it was subject to taxation only in accordance with the method prescribed in Laws 1887, ch. 11, and Sp. Laws 1873, ch. 111, therein referred to; that is, by the

rule of percentage on its gross earnings. Upon trial the court found that the relator was liable to the tax as assessed, and judgment was entered for its recovery. By writ of certiorari the matter is brought here for review.

It appears from the findings of the court that the relator is a corporation organized, under the provisions of 1878 G. S. ch. 34, title 1, exclusively for railroad purposes. During the year 1891 it was operating about three miles of railway in the county of St. Louis, on two miles of which the transportation was by steam locomotive power, and for one mile it was by means of a cable up a steep ascent. Both passengers and freight were thus transported. The company made no report of its gross earnings to the state treasurer for the year 1891, and paid no percentage thereof as a tax. The facts of the case are not very fully disclosed by evidence nor in the findings of the court, and our decision is to be understood as strictly limited to the case as here presented. There is nothing in the case indicating that this line of road is not an ordinary commercial railroad, unless it be the facts of its limited extent, and that, where it runs up a steep ascent, the power is applied by cable instead of a locomotive. It does not appear that the road is in any sense a street railway, or that its operations, or the purposes of its organization, are in any way connected with street travel, or with the use of the streets. In brief, it is, as we must assume, a railroad company, in the ordinary sense of the term, organized for and doing the business of such corporations. We see no reason why the statute (Laws 1887, ch. 11) was not applicable as the law with respect to the taxation of the property of this corporation. The validity of the act is not called in question. By its terms, "any railroad company owning or operating, or which may hereafter own or operate, any line or lines of railroad in this state," is required to pay a percentage of its gross earnings, as specified in that act and in Sp. Laws 1873, ch. 111, therein referred to, "in lieu of all other taxes." We cannot construe the plain and unrestricted terms of this law so as to exclude this railroad from its operation. The law in terms applies to "any railroad company," (perhaps meaning only ordinary commercial railroads, and not street railways,) and it can make no difference, as respects the applicability of the statute, whether the railroad

is three miles in extent or three hundred. It does not appear in this case whether the railroad is to be further extended, or whether the three miles constructed are all that was contemplated, so that it is now completed. Perhaps that would make no difference in the result.

The fact that the relator had not made a return of its gross earnings, as contemplated by the statutes referred to, does not affect the case. The manner and rule of taxation are determined absolutely by the law, and such neglect of the relator did not change the law, nor render it inapplicable; nor justify resorting to another, even though it be the ordinary, system of taxation, instead of that prescribed by the statute, as respects railroad companies.

These considerations lead to the conclusion that the tax upon an assessed valuation of the property of the relator was not authorized by the law applicable to and controlling the case, and the judgment must be reversed.

VANDERBURGH, J., did not sit.